Zenaida MUÑIZ–MARQUEZ,
Plaintiff(s)

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant(s).**

**Civil No. 03–1033(JAG).**

United States District Court,
D. Puerto Rico.

June 28, 2005.

insurance benefits alleging an inability to work since December 19, 1996, due to back injury secondary to a fall at work, right hand and left shoulder problems, leg conditions, obesity, and psychiatric problems. The Social Security Administration ("SSA") denied the application initially and on reconsideration. On July 25, 2002, the Administrative Law Judge ("ALJ"), upon *de novo* review, found that Muñiz was not under a disability through June 30, 2001, her date of last insured. On November 14, 2002, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner, subject to judicial review.

Rafael Colon Flores, Ponce, PR, for Plaintiffs.

Katherine Gonzalez–Valentin, United States Attorney's Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On January 13, 2003, plaintiff Zenaida Muñiz–Marquez ("Muñiz") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying her disability insurance benefits (Docket No. 2). Both parties have filed memoranda in support of their respective positions (Docket Nos. 8, 9). Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence and, accordingly, **AFFIRMS** the Commissioner's decision.

## FACTUAL BACKGROUND

Muñiz was born on June 8, 1965. She has a high school education and worked as a sewing machine operator at a textile factory. On October 24, 2000, Muñiz filed an application for disability and disability

## DISCUSSION

To establish entitlement to benefits, Muñiz bears the burden of proving that she became disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS*, 686 F.2d 76, 79 (1st Cir. 1982). Muñiz may be considered disabled within the meaning of the Act only if she is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). Muñiz's impairment must be so severe as to prevent her from working, not only in her usual occupation, but in any other substantial gainful work considering her age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Muñiz must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Secretary of HHS*, 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Muñiz's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS*, 797 F.2d 19, 20–21 (1st Cir.1986).

■ The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS,* 647 F.2d 218, 222 (1st Cir.1981).

■ In this case, the ALJ determined that, though her ailments are severe, Muñiz was not under a disability as of her date of last insured. The ALJ considered all the medical opinions in the record and found that they did not support the severity of her symptoms. In so doing, the ALJ discredited the medical opinion of Dr. Rojas, a psychiatrist, as the sole physician to have found Muñiz to be completely disabled from her depression. The ALJ contrasted Dr. Rojas' evaluation with others which concluded that Muñiz was malingering or suffering from moderate to severe dysthymic disorder. Because of a lack of evidence establishing precipitating or aggravating factors, a lack of emergency medical care, and her non-compliance with medications, the ALJ found that Muñiz retains the residual functional capacity ("RFC") to perform a wide range of light work that allows for alternating positions. The ALJ then elicited the testimony of a vocational expert who opined that, taking into account her RFC, along with her age, education, and past work experience, Muñiz cannot return to her past line of work but is capable of making a vocational adjustment to other work, such as hand labeler, hand packager, and office helper, jobs which exist in significant numbers in the national economy.

Muñiz argues that the ALJ, in reaching his determination, did not properly take into account the extent to which her psychiatric condition, i.e. her severe depression, prevents her from performing any type of work, including work at sedentary exertion levels. Furthermore, Muñiz argues that her back problems would at the very least restrict her to sedentary level of work because she is unable to lift even objects weighing less than twenty (20) pounds.

The ALJ, however, did consider Muñiz's psychiatric condition in making his determination. The ALJ cited the medical opinions of Drs. Rojas, B. Muñiz, and Rodriguez in his decision. That he gave less weight to Dr. Rojas' opinion because it was not based on objective evidence and because it was contradicted by those of Drs. B. Muñiz and Rodriguez is perfectly within his discretion to resolve conflicts in the evidence. *See Rodriguez,* 647 F.2d at 222. Furthermore, regarding Muñiz's allegations of back pain, the ALJ found no evidence in the record to support a finding that she suffers from pain to the extent alleged. Accordingly, the ALJ found her claims of pain were not credible based on the evidence on record.

### CONCLUSION

Upon a thorough review of the record, the Court finds that the ALJ's determination is sufficiently supported by the evidence on the record. Accordingly, the Court **AFFIRMS** the Commissioner's decision denying Muñiz disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.